UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 5:08–CR–135–KKC–HAI–2 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| CLARENCE McCOY | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Clarence McCoy's pro se 28 U.S.C. § 2255 motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant asserts thirty-one grounds for relief, including ineffective assistance of counsel, errors regarding the sufficiency of the evidence with which he was convicted, defects in various jury instructions, and other claims. For the reasons stated herein, the Court will adopt the magistrate judge's report and recommendation denying Defendant's motion.

## I. BACKGROUND

Defendant, a former employee of the Fayette County Detention Center, was convicted by a jury on three charges related to his use of excessive force on pre-trial detainees: (1) conspiracy to violate civil rights under color of law in violation of 18 U.S.C. § 241; (2) aiding and abetting a co-defendant to violate civil rights under color of law by physically assaulting a pre-trial detainee in violation of 18 U.S.C. §§ 2 and 242; and (3) aiding and abetting a co-defendant to knowingly falsify official reports concerning the use of physical force upon a pre-trial detainee with intent to impede, obstruct, and influence the

1

investigation and proper administration of the matter in violation of 18 U.S.C. §§ 2 and 1519. [DE 185 at 102-103.]

Defendant appealed, alleging four errors: (1) improper disqualification of retained counsel; (2) improper calculation of the base offense level; (3) improper application of a two-level-offense-level increase for use of physical restraints; and (4) imposition of an unreasonable sentence. *United States v. McCoy*, 480 F. App'x 366, 369 (6th Cir. 2012). The Sixth Circuit affirmed Defendant's convictions and sentences. *Id.* at 374. Defendant then filed the current § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [DE 205.]

Consistent with local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Ingram for consideration. The magistrate judge filed a Report and Recommendation on June 30, 2014. [DE 228.] The Report and Recommendation sets forth the complete procedural history of this matter in detail, which this Court adopts but need not repeat to consider Defendant's objections. *See* [DE 228 at 2-7.]

Based on a review of the record and applicable case law, the magistrate judge recommended that Defendant's motion be denied. [DE 228 at 40-41.] Defendant filed objections to the Report and Recommendation dated August 26, 2014, disputing the findings in the magistrate judge's Report and Recommendation. [DE 233.] The United States did not file a response to the objections.

## II. ANALYSIS

This Court exercises *de novo* review of the portions of the Report and Recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C). However, this Court is not required to "review... a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The magistrate judge and Defendant both utilize an organizational numbering of Defendant's claims for relief. For ease of review, this Court will adopt the numeric organization laid out in the magistrate judge's Report and Recommendation [DE 228 at 7-10.], and followed by Defendant in his objections. [DE 233 at 1.] In his §2255 motion, Defendant asserted thirty-one claims for relief,[1] which are addressed in the magistrate judge's report and recommendation. *See* [DE 228 at 7-10.]

In the report and recommendation, the magistrate judge further grouped the grounds for relief based on the type of claim asserted and considered the grounds by category rather than sequentially. This Court will also follow that approach.

A federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States,* 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised on habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. *Id.* at 622. Ineffective assistance of counsel constitutes cause to overcome a procedural default. *Ratliff v. United States*, 999 F.2d 1023, 1026 (6th Cir. 1993); *Braggs v. United States*, 142 F.3d 432, at *2 (6th Cir. 1998) ("Attorney error amounting to constitutionally ineffective assistance of counsel may constitute cause to excuse a procedural default.").

Defendant did not raise any of his current claims on appeal. In his § 2255 motion, Defendant asserts that his appellate counsel was ineffective. Defendant relies on this alleged ineffectiveness as cause for overcoming procedural default. To establish ineffective assistance of counsel as cause to excuse a procedural default, Defendant must show that his

---

[1] The magistrate judge's list contains more grounds than Defendant's motion because the magistrate judge interpreted several of Defendant's numbered items as containing multiple grounds for relief. Defendant adopted the magistrate judge's numbering in his objections, so this Court will likewise use the magistrate judge's numbering.

3

appellate counsel's performance was deficient, and that the deficient performance was prejudicial. *Ratliff*, 999 F.2d at 1026. In order to prove that ineffective assistance of counsel was prejudicial, a defendant "must demonstrate that, but for counsel's poor performance, 'there is a reasonable probability' the result of his appeal would have been different." *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

**A.     Sufficiency of Evidence**

In order for Defendant to avoid having his sufficiency claims procedurally defaulted, he must demonstrate that he received ineffective assistance from his appellate counsel related to those claims. The Court finds that Defendant has failed to show that he would have been prejudiced by any ineffective assistance of counsel. Accordingly, his sufficiency claims are procedurally defaulted.

Defendant claims six instances in which the government provided insufficient evidence to convict him, namely bases one, three, nine, eleven, sixteen and eighteen. Together, these six bases for relief represent an attempt by Defendant to have his sentence vacated for insufficiency of the evidence against him. In his twenty-second basis for relief, Defendant asserts that he did not raise these issues on appeal because of the ineffective assistance of his appellate counsel. [DE 205 at 6, 11.] Defendant's twenty-second basis for relief is his offering of cause for not raising these issues on appeal through which he seeks to avoid procedural default. Thus, to avoid procedural default on grounds one, three, nine, eleven, sixteen, and eighteen, Defendant must show that his lawyer's failure to raise these claims on appeal constituted ineffective assistance of counsel because each of these claims challenging the sufficiency of evidence had a reasonable probability of success on appeal.

Sufficient evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the court can conclude that any rational trier of fact

4

would have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Apanovich v. Houk*, 466 F.3d 460 (6th Cir. 2006). Circumstantial evidence may support a conviction, *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003), and such evidence need not remove every reasonable hypothesis except that of guilt. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995). "This is a very heavy burden" for the convicted defendant to meet. *United States v. Kernell*, 667 F.3d 746, 756 (6th Cir. 2012).

Defendant's first basis for relief is that Jury Instruction No. 11 charged the jury that they were required to find a conspiracy between only Mr. McQueen and Defendant, and that the Government failed to put forward any evidence that they conspired with each other. [DE 205 at 3.] The magistrate judge found that because this claim could not have been successful on appeal, Defendant was not prejudiced by his counsel's failure to raise the claim on appeal. [DE 228 at 14.]

In his objections, Defendant claims that the magistrate judge adopted an erroneous standard for judging sufficiency of the evidence. [DE 233 at 2.] Defendant argues that the magistrate judge erred by applying the standard from *Jackson v. Virginia*, 443 U.S. 307 (1979), which is stated above. Rather, Defendant argues that the magistrate judge should have applied the standard from *United States v. Johnson*, 652 F.3d 918 (8th Cir. 2010). Under the *Johnson* standard, a conviction may be affirmed against a sufficiency challenge if "the evidence is so overwhelming or incontrovertible that there is no reasonable doubt that any rational juror would have found that the government proved the statutory element." 652 F.3d 918 (2011) (citing *United States v. Inman*, 558 F.3d 742 (8th Cir. 2009). Defendant argues this standard should apply because Instruction No. 11 was "faulty … regarding an essential element." [DE 233 at 2.]

5

The "overwhelming or incontrovertible" standard utilized in *Johnson* does not apply
here. Under *Johnson* and the case on which that decision relied, *United States v. Inman*,
558 F.3d 742 (8th Cir. 2009), the heightened standard is applied only when "a statutory
element of an offense is included in the indictment but erroneously omitted from
instructions to the jury, and the evidence is insufficient to establish the unobjected-to
element used instead ." *Inman*, 558 F.3d at 749. In both *Johnson* and *Inman*, a "jury
instruction erroneously deviated from the elements as defined by statute and charged in
the indictment." *Inman*, 558 F.3d at 747; *see also Johnson*, 652 F.3d 922-23. Specifically,
the instructions were worded such that the jury was required to find that the component
parts used to build computers, hard drives, and DVDs traveled in interstate commerce pre-
assembly, rather than requiring the jury to find that the computers, hard drives, and DVDs
themselves traveled in interstate commerce. *Inman*, 558 F.3d at 746-47; *Johnson*, 652 F.3d
921-22. The Government presented no evidence that the component parts traveled in
interstate commerce before being assembled, so the Eighth Circuit found in both cases that
there was insufficient evidence to satisfy the element of the offense as it was erroneously
charged to the jury. *Inman*, 558 F.3d at 746-47; *Johnson*, 652 F.3d 922. Under those
circumstances, the Eighth Circuit found that the convictions could be upheld only if the
"overwhelming or incontrovertible" standard was met. *Inman*, 558 F.3d at 749; *Johnson*,
652 F.3d at 922-23.

The jury instruction in the present case is much different. Unlike the instruction in
*Johnson* and *Inman*, the instruction in this case did not "erroneously deviate[ ] from the
elements as charged in the indictment." *Inman*, 558 F.3d at 742. Instruction No. 11 did not
in any way alter the elements required to prove a conspiracy to deprive rights. According to
Defendant, Instruction No. 11 departed from the indictment in that it required the

6

Government to prove a conspiracy between Defendant and Mr. McQueen *directly*, without considering the involvement of other actors. [DE 233 at 5.] Even if Defendant is correct[2], the elements of conspiracy remain the same. The instruction is favorable to the Defendant in that it expressly limits the people whose involvement the jury could consider in determining whether a conspiracy existed. Further, Instruction No. 12 fully and correctly listed the elements of a conspiracy under 18 U.S.C. § 241. Instruction No. 11 did nothing to modify the elements of a conspiracy against rights under § 241. Accordingly, the *Jackson v. Virginia* standard applied by the magistrate judge is the correct standard for determining whether sufficient evidence supports Defendant's conviction.

Next, Defendant argues that the Government did not produce sufficient evidence to prove that Mr. McQueen and defendant "conspir[ed] with each other" as stated in Instruction No. 11.[3] [DE 233 at 3.] First, as the magistrate judge noted, Instruction No. 11 is simply a summary of count one of the indictment and did not change the elements of a § 241 conspiracy. [DE 228 at 14.]

Defendant reads "with each other" in Instruction No.11 to mean that the jury was required to find that Mr. McQueen and Defendant conspired with each other *directly* [DE 233 at 3.] . Defendant's reading is not the only possible reading of "with each other." It is not necessarily the case that the "with each other" language rules out consideration of other actors besides Defendant and Mr. McQueen, especially when paired with Instruction No. 12, which defined a conspiracy as "an agreement or mutual understanding involving two *or more* persons". [DE 193 at 15.] (emphasis added). One could reasonably understand "with

---

[2] This is assumed here solely for purposes of argument and is refuted below.

[3] Jury Instruction No.11 stated in full: "Count one of the Indictment charges Defendants John McQueen and Clarence McCoy with violating 18 U.S.C. § 241 by conspiring with each other to oppress, threaten, or intimidate pretrial detainees housed at the Lexington-Fayette County Detention Center in the free exercise and enjoyment of a right and privilege secured to them by the Constitution of the United States; namely, the right not to be subjected to excessive force by officers."

each other" to encompass the "hub and spoke" theory of conspiracy advanced at trial by the prosecution. In other words, Instruction No. 11 could reasonably be understood to mean "conspiring with each other" *via the hub and spoke theory*, which would permit the jury to consider the involvement of others in addition to Defendant and Mr. McQueen. Thus, Instruction No. 11 did not change the elements of conspiracy or "prevent[ ] the Government from using evidence besides that which connected [Defendant] directly to McQueen" as Defendant claims. [DE 233 at 3.]

Even assuming Instruction No. 11 required the Government to prove a direct conspiracy between Defendant and Mr. McQueen, the Government still put on sufficient evidence to support the § 241 conviction. Most notably, witnesses at trial testified to incidents in which both Defendant and Mr. McQueen used excessive force, namely both incidents involving Mr. Embry and the incident involving Mr. Powers. [DE 184 at 21-22 (Roberts); DE 184 at 154-55 (Tyree); DE 186 at 244-45, 248-49 (Roberts).] From this, any rational trier of fact could have found that at least a tacit understanding existed between Defendant and Mr. McQueen, which is sufficient to prove a conspiracy. *United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008) ("No proof of a formal agreement is required to establish a conspiracy to violate federal law; a tacit or mutual understanding among the parties will suffice."). Moreover, a conspiracy may be inferred from circumstantial evidence such as this that indicates participation in a common plan. *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989). Thus, this claim did not have a reasonable chance of success on appeal, so Defendant was not prejudiced by his counsel's failure to raise the claim on appeal. The magistrate judge correctly found that Defendant's first basis for relief is procedurally defaulted.

Defendant's third basis for relief is that the Government failed to produce sufficient evidence of specific intent to violate 18 U.S.C. § 241, specifically that the Government never

put forth evidence that the purpose of any conspiracy was to interfere with a protected right nor that he had that intent. [DE 228 at 14-15.] The magistrate judge found that the Government offered sufficient evidence to show Defendant's intent to deprive pretrial detainees of a protected right, citing witness testimony and video recordings evidencing Defendant's use of excessive force "of his own volition". [DE 228 at 14-15.]  Defendant now objects that the magistrate judge's findings were incorrect because "no evidence regarding petitioner's specific intent to conspire to deprive rights was evidenced by the government at trial." [DE 233 at 6.]

Specific intent to deprive another of civil rights is an element of [§ 241] that the government must prove beyond a reasonable doubt. *United States v. Epley*, 52 F.3d 571, 576 (6th Cir. 1995). The United States put forth sufficient evidence to prove Defendant's specific intent. The magistrate judge correctly found that testimony by Mr. Tyree and Mr. Roberts about incidents where excessive force was used by Defendant, McQueen, and other individuals, as well as video recordings which also depicted the incidents, show that Defendant voluntarily undertook the actions which deprived the pretrial detainees of protected rights and thus suggest that Defendant intended to bring about the deprivation. [DE 228 at 14-15.] A rational jury could weigh this evidence and determine that Defendant, while perhaps not thinking in constitutional terms, consciously desired to violate the detainees' right to be free from excessive force. A defendant does not have to know that he is violating or conspiring against a certain Constitutional right in order to have specific intent.  *United States v. O'Dell*, 462 F.2d 224, 232 n.10 (6th Cir. 1972).  A jury could similarly find that the concerted acts of Defendant, McQueen, and other individuals show that the purpose of the conspiracy was to use excessive force to violate the victims' right not to be deprived of liberty without due process of law. Thus, this claim did not have a reasonable chance of success on appeal, so Defendant was not prejudiced by his counsel's

failure to raise the claim on appeal. The magistrate judge correctly found that Defendant's third basis for relief is procedurally defaulted.

Defendant's ninth and eleventh grounds for relief focus on Jury Instruction 30[4], which related to Defendant's § 1519 conviction. In his ninth ground for relief, Defendant argues that the Government put forth insufficient evidence to prove that he falsified reports in contemplation of a federal investigation or matter as stated in Instruction 30. [DE 228 at 15.] Defendant argues in his eleventh ground that the Government put forth insufficient evidence to prove that he intended to impede, obstruct, or influence an investigation as stated in Instruction 30. [DE 228 at 15.] A conviction under § 1519 requires that the Government show that Defendant (1) falsified a document (2) with the intent to impede, obstruct, or influence an investigation that (3) he contemplated at the time of the falsification. *Kernell*, 667 F.3d 756. In grounds nine and eleven, Defendant is challenging the second and third prongs of his § 1519 conviction.

The magistrate judge correctly found that both of these claims are meritless. First, there is ample evidence showing that Defendant intended to impede an investigation. Defendant testified that he was aware that the purpose of writing reports was to provide his superiors and investigators with information about instances in which force was utilized. [DE 160 at 49-51.] Prior to the incident involving Mr. Mulcahy, Mr. Tyree testified that Defendant asked him to help "jump" Mr. Mulcahy. [DE 184 at 170.] Mr. Tyree testified that Defendant said, "I already know how it's going to go," and, "I could write the report right now." [DE 184 at 170.] This testimony shows that Defendant knew beforehand that writing a false report was necessary to avoid the consequences of using force on Mr.

---

[4] Jury Instruction 30 states in part: "The third element that the government must prove as to Counts Three and Eight is that the Defendant acted with the intent to impede, obstruct, or influence an investigation of a matter within the jurisdiction of an agency of the United States or in relation to or contemplation of any such matter or case."

Mulcahy. Thus, Defendant's statements to Mr. Tyree indicate that Defendant's goal in falsifying reports was to mislead any later investigation of the incident. Therefore, the Government put forth enough evidence to satisfy the second prong of Defendant's § 1519 conviction.

Second, the Government put forth sufficient evidence that Defendant contemplated a federal investigation when he falsified the reports. "The belief that a federal investigation directed at the defendant's conduct might begin at some point in the future satisfies the 'in contemplation' prong." *Kernell*, 667 F.3d 746. Defendant testified that he received training on the use of force and understood the difference between reasonable and unreasonable force. [DE 185 at 53.] He further testified that he knew that using unreasonable force could lead to a federal prosecution. [DE 185 at 53-54.] Thus, at the time of the Mr. Mulcahy incident, Defendant knew what acts constituted unreasonable force and was aware that committing such acts could trigger a federal investigation. This testimony is sufficient to show that Defendant knew that a federal investigation targeted at his conduct might begin at some point in the future. *Kernell*, 667 F.3d 746. If Defendant's counsel had raised grounds nine and eleven on appeal they would have been unsuccessful. Therefore, Defendant did not suffer prejudice, so grounds nine and eleven are procedurally defaulted.

In his sixteenth and eighteenth grounds for relief, Defendant alleges that the Government failed to prove that he had the requisite specific intent for an 18 U.S.C. § 242 conviction and that it failed to prove he acted willfully, as required by § 242. [DE 233 at 9-11.] The magistrate judge found there was sufficient evidence from which a rational trier of fact could find that Defendant had the necessary mens rea to be convicted under § 242. [DE 228 at 17.]

In his objections, Defendant first relies on *United States v. Couch*, 59 F.3d 171 (6th Cir. 1995), for the rule that "the mere intention to use force, which a jury later finds

unreasonable, would be insufficient to sustain a conviction under § 242." 59 F.3d 171 at *4. However, the Court further stated, "Rather, [the defendant] must have intended to use unreasonable force, that is, he must have intended to deprive [the victim] of his constitutionally protected right to be free from the use of unreasonable force." *Id.* Here, the Court was distinguishing between the intent to use force and the intent to use *unreasonable* force. In the former situation, a defendant intends to use some degree of force that is later determined to be excessive, but did not intend to use unreasonable force initially, so he cannot be convicted under § 242. In the latter situation, which is sufficient to convict under § 242, a defendant intends to use an amount of force which he knows is unreasonable.

The Government put forth sufficient evidence that Defendant fell into the latter situation by intending to use unreasonable force. Again, Defendant testified that he received training on the use of force and understood the difference between reasonable and unreasonable force. [DE 185 at 53.] Defendant also acknowledged that preplanning an assault on someone is not a legitimate use of force. [DE 185 at 67.] Defendant's understanding of unreasonable force, coupled with Mr. Mr. Tyree's testimony that Defendant asked him to help "jump" Mr. Mulcahy before the incident occurred, [DE 184 at 170.], would allow a jury to reasonably find that Defendant intended to use unreasonable force. Thus, there was sufficient evidence to show Defendant acted willfully, which supports the § 242 conviction. *Couch*, 59 F.3d 171 at *4 ("As long as the accused specifically intends to use more force than is reasonable under the circumstances, he acts willfully and thus runs afoul of § 242.").

Defendant also asserts that the magistrate judge's findings are incorrect because Defendant's testimony that Mr. Mulcahy started the incident was not contradicted by any other witness. [DE 233 at 10.]  His argument goes that if Mr. Mulcahy started the incident, then Defendant could not have intended to use unreasonable force against him. First, it

12

appears that Defendant's testimony on this point was actually contradicted. Mr. Tyree testified that Defendant explained to him before the incident that he was going to "push [Mr. Mulcahy] away to separate us, pepper spray him, and take him to the ground." [DE 185 at 170.] Then, according to Mr. Tyree, Defendant "did exactly what he said he was going to do" – Defendant pushed Mr. Mulcahy forward then pepper sprayed him even though Mr. Mulcahy was not doing anything to threaten Defendant or anyone else in the facility. [DE 185 at 171-72.] Mr. Tyree's testimony not only contradicts Defendant's testimony about who started the incident, but also further indicates that Defendant acted willfully by carrying out an assault in the way he described beforehand.

Even if Defendant's testimony about who began the incident was unopposed, it would not negate the above mentioned evidence showing that Defendant asked Mr. Tyree to help him "jump" Mr. Mulcahy. A jury could balance this competing evidence, judge the credibility of the witnesses, and reasonably conclude that Defendant intended to use unreasonable force in violation of § 242. For these reasons, the magistrate judge was correct in finding that bases sixteen and eighteen did not have a reasonable probability of success on appeal.

After a careful review of Defendant's claims related to the sufficiency of the evidence, this Court has determined that Defendant's claim of ineffective assistance of appellate counsel is without merit because none of his claims would have had a reasonable probability of success on appeal. Therefore, Defendant's twenty-second basis for relief is denied. Because of this finding, Defendant's first, third, ninth, eleventh, sixteenth, and eighteenth bases for relief are procedurally defaulted. In addition, because the above listed substantive bases lack merit, Defendant's accompanying bases of relief asserting ineffective assistance of counsel as to each claim – which include Defendant's second, fourth, tenth, twelfth, seventeenth, and nineteenth bases – also must be denied. Since Defendant would

13

not have been successful on any of the substantive bases he now asserts, his counsel's performance was not deficient by failing to pursue them, *Lyons v. Caruso*, 202 F.3d 269 (6th Cir. 1999) ("counsel's failure to raise futile objections and arguments does not amount to constitutionally deficient performance."), nor was Defendant prejudiced by his counsel's failure to pursue them.

**B.    Jury Instructions**

Defendant also asserts six bases for relief claiming errors in the jury instructions used at his trial. This includes bases five, thirteen, twenty, twenty-eight, twenty-nine, and thirty-one. Since Defendant did not raise these claims on direct appeal, he again seeks to use ineffective assistance of appellate counsel, specifically ground twenty-six, as a vehicle to avoid procedural default. To avoid procedural default of his six grounds related to jury instructions, Defendant must show that his lawyer's failure to raise these claims on appeal constituted ineffective assistance of counsel because each of these claims had a reasonable probability of success on appeal.  *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) (citing *Strickland*, 466 U.S. at 694).

In his fifth ground for relief, Defendant takes issue with Jury Instruction No. 14, claiming that it negates the requirement that the government prove intentional interference with a constitutionally protected right. [DE 233 at 13.] Specifically, Defendant argues that paragraph four of Instruction No. 14 is erroneous because it instructed the jury that "it is not necessary for you to determine that … [the defendants] knew that their actions would violate anyone's protected rights." [DE 193 at 18.] The magistrate judge correctly found that Instruction No. 14 accurately presented the law. [DE 228 at 19.]

Defendant has extracted a quote from Instruction 14 and reads it out of context. The first sentence of Jury Instruction 14 states, "The second element of the offense charged in Count One requires the government to prove… the intent to interfere with the free exercise

14

or enjoyment of a federally protected right." [DE 193 at 18.] Moreover, the paragraph

containing the language Defendant cites states in full:

> "Although you must find that the purpose of the conspiracy was
> to interfere with this right, it is not necessary for you to
> determine that the Defendants were thinking in legal terms,
> that they acted with knowledge of a particular federal law, or
> that they knew that their actions would violate anyone's
> protected rights"

[DE 193 at 18.] When read in context, it is clear that paragraph four of Instruction No. 14

simply states that the government need not prove that the defendants had knowledge that

they were violating any particular federal law or constitutional principle by using excessive

force. This is a correct statement of the rule that "the United States need not prove that the

defendant actually knew it was a constitutional right being conspired against or violated."

*United States v. Brown*, 49 F.3d 1162, 1165 (6th Cir. 1995)[5].   Therefore, there is not a

reasonable probability that a challenge to Instruction No. 14 would have been successful on

appeal. As a result, Defendant's fifth basis for relief is procedurally defaulted.

In his thirteenth basis for relief, Defendant asserts that Instructions No. 29 and 30

negated the   requirement that the jury find that Defendant falsified reports with the

specific intent necessary for a conviction under § 1519. [DE 233 at 14-15.] The magistrate

judge found that Defendant would not have had a reasonable probability of success if he

challenged Instructions No. 29 and 30 on appeal. [DE 228 at 21.] Defendant now makes

several objections to that finding.

First, there is no merit to Defendant's contention that "Jury Instruction 29 negated

the need for any mens rea." [DE 233 at 15.] The instruction specifically states, "The second

---

[5] The objection Defendant makes to the applicability of *Brown* is baseless. Instruction No. 14 does
not state that the government need not prove one of the elements of § 241, as Defendant claims. [DE
233 at 13.] This is especially clear given the first sentence of Instruction No. 14, which instructed the
jury that the Government must prove intent to interfere with a federally protected right – the
precise element of the offense that Defendant claims Instruction No. 14 eliminated.

element that the government must prove… is that the Defendant acted knowingly." [DE 193 at 36.] Defendant presumably takes issue with the part of the instruction which provided, "The government is not required to prove that the Defendant knew his actions were unlawful." [DE 193 at 36.] This statement merely signifies that the government need not prove that Defendant acted with knowledge of the law, which, as the magistrate judge noted, is consistent with the adage that "ignorance of the law is no defense." *United States v. Ali*, 557 F.3d 715, 726 (6th Cir. 2009). Therefore, Defendant's grievances regarding Jury Instruction 29 are baseless.

Defendant also claims that Instruction No. 30 failed to convey to the jury that Defendant must have falsified documents with the intent to obstruct an investigation to be found guilty. [DE 233 at 15.] Defendant takes issue with the part of the instruction which states, "The government is also not required to prove that the Defendant knew his conduct would impede, obstruct, or influence an ongoing or potential federal investigation of a matter." [DE 193 at 37.] However, in the very next sentence, the instruction also explicitly told the jury, "If you find that the Defendant acted with the intent to impede, obstruct, or influence an ongoing or potential investigation … you may find that this element is satisfied." [DE 193 at 37.] Instruction 30 merely distinguished between a defendant having *knowledge* that a falsification *will* impact an investigation, and having the *intent* to impact some investigation. A § 1519 conviction requires that a defendant *knowingly* falsify a record with *intent* to obstruct an investigation. *United States v. Schmeltz*, 667 F.3d 685, 687 (6th Cir. 2011) (emphasis added). Under § 1519, the knowledge requirement pertains only to the falsification, i.e. that the defendant knew he was making a false statement in his report. Thus, as Instruction No. 30 correctly stated, a jury is not required to find that a defendant *knew* that a falsification would affect an investigation, but only that the defendant *intended* to affect an investigation. Therefore, the Defendant's objection to Instruction No. 30 is

without merit. Instructions No. 29 and 30 were valid, so Defendant's thirteenth basis for relief would not have succeeded on appeal and is procedurally defaulted.[6]

In his twentieth basis for relief, Defendant raises three contentions with Instruction No. 22. [DE 228 at 9.] First, Defendant objects to the statement in Instruction No. 22 that, "reckless disregard of a person's constitutional rights is evidence of specific intent to deprive that person of those rights…." [DE 205 at 15.] Defendant argues this statement lessens the Government's burden of proof in that it is only required to show reckless disregard rather than specific intent. The magistrate judge found this argument unconvincing because in *Couch v. United States,* 59 F.3d 171, at *3 (6th Cir. 1995), the Sixth Circuit approved a nearly identical jury instruction. [DE 228 at 22.]

In his objections, Defendant takes issue with the magistrate judge's citation to *Couch*, arguing that the Sixth Circuit only approved the instruction in that case because it contained the phrase, "An act is done willfully if it is done voluntarily and intentionally, and with the specific intent to do something the law forbids; that is, with an intent to violate a specific protected right." [DE 233 at 16.] (citing *Couch*, 59 F.3d 171 at *3.). Defendant overlooks the fact that Instruction No. 22 in fact contains this precise language in its first paragraph, [DE 193 at 28.], which undermines this argument entirely. The magistrate judge properly relied on *Couch* in upholding Instruction No. 22.

---

[6] Defendant also makes several other objections to the magistrate judge's findings regarding his thirteenth basis for relief. Defendant states that the Magistrate Judge failed to "analyze the challenged instructions' effect on the totality of the instruction" to the jury. [DE 233 at 14.] Since Instructions No. 29 and 30 were themselves valid, they could not have had a negative impact on the jury instructions as a whole. In addition, Defendant cites no authority for the proposition that jury instructions written in the negative should be subject to any higher level of scrutiny than instructions written in a different manner. Finally, this Court sees no issue with the magistrate judge's citation to *United States v. Jackson*, 186 F. App'x 736 (9th Cir. June 20, 2006)). The mere fact that this was an unpublished case does not forbid its citation as persuasive authority.

17

Defendant further argues that the magistrate judge incorrectly believed that reckless disregard can satisfy specific intent. [DE 233 at 16.] This is blatantly incorrect, as the magistrate never made that claim, nor does the instruction tell the jury that reckless disregard *is a substitute for* specific intent. Instruction No. 22 communicated only that reckless disregard *is evidence of* specific intent and that Defendant need not have been thinking in constitutional terms at the time of the offense, not that reckless disregard may supplant a finding of specific intent. Thus, the first argument Defendant makes in ground twenty is without merit.

Defendant's twenty-ninth basis for relief also alleges that the jury instructions allowed the jury to substitute a finding of reckless disregard for specific intent. [DE 205 at 8, 22.] In his objections, Defendant groups grounds twenty and twenty-nine together. [DE 233 at 15.] Since ground twenty-nine alleges the same fault as Defendant's first argument in ground twenty, and Defendant himself has treated them the same, ground twenty-nine fails for the reasons discussed above and is therefore procedurally defaulted.

Defendant's second argument in his twentieth ground against Instruction No. 22 is that it erroneously included the statement, "The government also is not required to show that the acts of the defendant were premeditated or of long duration," which, according to Defendant, relieved the Government of proving specific intent. [DE 205 at 16.] In his objections, Defendant cites *United States v. Veach* for the proposition that specific intent requires that "the defendant must also act with the purpose of violating the law." 455 F.3d 628, 631 (6th Cir. 2006). From this, Defendant asserts the theory that "it is common sense that one cannot act with a purpose without premeditation." [DE 233 at 17.] *Veach* does not discuss premeditation whatsoever, so this theory is entirely Defendant's. Thus, the magistrate judge was correct in finding that Defendant has not cited any binding precedent that indicates specific intent to violate a person's constitutional rights requires

18

premeditation. In fact, it appears to this Court that an intentional but impulsive decision to assault a detainee could be a purposeful act and result in a violation of § 242. For instance, if a detainee said something offensive to an officer, and the officer reacted by intentionally striking the detainee with no aforethought or premeditation, the officer could be convicted under § 242.[7] Furthermore, the definitions of premeditation and intent that Defendant cites from Black's Law Dictionary, [DE 233 at 17.], simply do not necessitate a finding that intent requires premeditation. Finally, even if the Government were required to prove premeditation, the evidence that Defendant premeditated his assault on Mr. Mulcahy is overwhelming. *See supra* pp. 12-13.

Defendant's third argument against Instruction No. 22 takes issue with the statement, "Evidence that an officer was motivated by some emotion, such as anger, that is not related to a legitimate law enforcement purpose can be considered evidence of willfulness." [DE 205 at 16.] Defendant argues that this statement did not take into account that fear or self-defense is an impediment to forming specific intent and that the phrase "legitimate law enforcement purpose" was never defined. The magistrate judge correctly found that Instruction No. 21 disposed of Defendant's contentions. Instruction No. 21 stated:

> While the law allows correctional officers to use force as part of a good-faith effort to further legitimate law enforcement and institutional purposes, *such as restoring order and defending themselves or others*, once a situation is under control, corrections officers are not permitted to continue using force for the purpose of punishing, retaliating against, or harming a pretrial detainee.

[DE 193 at 26.] (emphasis added). Instruction No. 21 defines "legitimate law enforcement and institutional purposes" and further explains that using force in self-defense is

---

[7] Defendant himself testified that using force in response to offensive language was an unreasonable use of force. [DE 185 at 54.]

legitimate. Thus, Instruction No. 21 dealt with Defendant's third argument against Instruction No. 22. Defendant's objection that Instructions No. 21 and 22 contradict each other is simply not true, nor did Instruction No. 21 need to define "restoring order and defending themselves or others," as the meaning of those terms would have been readily apparent to the jury.

Since none of the issues Defendant raises with Instruction No. 22 would have had a reasonable chance of success on appeal, Defendant's twentieth basis for relief is procedurally defaulted.

In his twenty-first basis for relief, Defendant alleges that he received ineffective assistance of counsel as to his twentieth basis for relief, which this Court just discussed. The Court found that Defendant's twentieth basis for relief is without merit. Therefore, there is not a reasonable probability that the result of Defendant's appeal would have been different had his counsel appealed the issue, so Defendant suffered no prejudice. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(citing *Strickland*, 466 U.S. at 694). Without prejudice, there cannot be ineffective assistance of counsel. *Id.* Furthermore, "Appellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Id.* (citing *Greer v. Mitchell*, 264 F.3d 633, 676 (6th Cir. 2001). Thus, Defendant's twenty-first basis for relief is denied.

In his twenty-eighth basis for relief, Defendant alleges that his Due Process rights were violated because he was charged in the indictment for aiding and abetting regarding Counts 7 and 8, but "the jury instructions never explained to the jury what was necessary to be convicted as an aider and abettor." [DE 233 at 18.] However, Instructions No. 18 and 26 appropriately instructed the jury that Count 7 and 8 charged Defendant with violating § 242 and § 1519 as a principal. [DE 193 at 23, 33.] Instructions No. 19-23 and 27-30 recited the elements necessary for convicting Defendant as a principal under § 242 and § 1519. [DE

193 at 24-30, 34-37.] Thus, these instructions conveyed to the jury that they had to find Defendant guilty as a principal. Given that the jury is presumed to have followed the jury instructions requiring conviction as a principal, *Caldwell v. Bell*, 288 F.3d 838, 846 (6th Cir. 2002), as well as the omission of an instruction explaining that a conviction based on an aiding and abetting theory would not require proof that Defendant personally committed the crime, this Court must assume that the jury found that Defendant acted as a principal. Thus, Defendant's objection that there is "no way to tell what the jury concluded" regarding whether he acted as an aider and abettor or a principal is inaccurate. [DE 233 at 19.]

Because the jury found Defendant guilty as a principal, the omission of an instruction on aiding and abetting did not harm Defendant. In fact, the lack of such an instruction actually benefitted him because, as Defendant himself states, "The necessary basis for conviction on aiding and abetting of a statute is much lower than the necessary basis for conviction as a principle [sic]." [DE 233 at 18.] Put simply, the instructions charged the jury that they had to find Defendant guilty as a principal and the jury returned convictions using the given instructions. The claims Defendant raises in his twenty-eighth basis for relief would not have had a reasonable probability of success on appeal, so ground twenty-eight is procedurally defaulted.

In his thirty-first basis for relief, Defendant argues that Instruction No. 24 unfairly prejudiced him because the Instruction allegedly told the jury that Defendant assaulted Mr. Mulcahy. [DE 233 at 19.] Defendant again conveniently omits portions of the jury instruction. Instruction No. 24, without omission, reads, "You have also *heard testimony* that after Defendant Clarence McCoy, assaulted Bruce Mulcahy, *as alleged* in Count Seven, he falsified an official report concerning his use of force." Jury Instruction 24 (emphasis added). By adding the words "heard testimony" and "as alleged," the instruction ensured

that the jury would not view this section of the instruction as any sort of stipulation of assault, but merely as a summary of what had been asserted during the trial.

Defendant also takes issue with the comma between "McCoy" and "assaulted" in Instruction No. 24, hypothesizing that the comma was "strategically placed". Defendant does not explain what effect he believes this comma had. Frankly, the comma appears to be nothing more than a typographical error, as no comma appears between "McQueen" and "assault" in paragraph one or two of Instruction No. 24. Therefore, Defendant's thirty-first ground for is meritless and procedurally defaulted.

In sum, since defendant has not shown that any of his challenges to the jury instructions had a reasonable chance of success on appeal, he has not shown prejudice. Therefore, his twenty-sixth ground for relief claiming ineffective assistance of appellate counsel is denied. This results in procedural default of grounds five, thirteen, twenty, twenty-eight, twenty-nine, and thirty one. In addition, grounds six, fourteen, and twenty-one must also be denied. Grounds six, fourteen, and twenty-one alleged that Defendant's counsel was ineffective for failing to raise the claims asserted in grounds five, thirteen, and twenty. Because none of the claims contained in grounds five, thirteen, or twenty have any merit, counsel was not ineffective for failing to raise them nor did Defendant suffer any prejudice from his counsel's failure to raise those claims.

## C.    Constitutionality of 18 U.S.C. §§ 241, 242, and 1519

In his thirtieth basis for relief, Defendant alleges that 18 U.S.C. §§ 241 and 242 are unconstitutionally vague. In his fifteenth basis for relief, Defendant contends that 18 U.S.C. § 1519 is facially void for vagueness. The magistrate judge concluded that the claims were procedurally defaulted because Defendant offered no cause as to why these issues were not raised on direct appeal. [DE 228 at 26.] The petitioner now asserts that his constitutional challenges "fall under the umbrella" of his ineffective assistance claims. [DE 233 at 20.]

The Court will assume Defendant's constitutional challenges do indeed fall under the "umbrella" of his ineffective assistance claims. Even given that assumption, these claims are procedurally defaulted. As previously stated, to prove ineffective assistance of counsel, a defendant must prove both deficient performance and prejudice. *Shaneberger*, 615 F.3d at 452 (6th Cir. 2010) (citing *Strickland*, 466 U.S. at 687.) A defendant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In this case, Defendant has failed to satisfy this high bar. In his Motion, Defendant fails to point to evidence that there was ineffective assistance of counsel as to raising the issue of vagueness of these statutes. Defendant merely asserts that counsel was ineffective. [DE 205 at 207.] Similarly, in his objections, Defendant submits that his counsel was ineffective without providing any evidence of ineffectiveness or citing any authority in support of his position. [DE 233 at 20.] Without at least some modicum of support, Defendant cannot possibly satisfy the high *Strickland* standard for proving ineffective assistance because "a conclusory statement … is wholly insufficient to raise the issue of ineffective assistance of counsel." *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000). Therefore, even construing his pro se filings liberally, Defendant's thirtieth and fifteenth grounds for relief are procedurally defaulted because Defendant has not demonstrated that his counsel's performance was deficient related to these claims.

Even if the Court reached the merits of Defendant's constitutional challenges, these claims would still fail. Facial challenges to any of the three statutes would not be successful. The United States Supreme Court has already affirmed the constitutionality of §§ 241 and 242. *United States v. Guest*, 383 U.S. 745, 753-54 (1996); *Screws v. United States*, 325 U.S. 91, 103-04 (1945). The Sixth Circuit has rejected similar vagueness arguments against the "in contemplation" language that Defendant now challenges in §

23

1519. *United States v. Kernell*, 667 F.3d 749, 752-55 (6th Cir. 2012); *United States v. Gray*, 692 F.3d 514 (6th Cir. 2012).

While Defendant styled his constitutional challenge to § 1519 as a facial challenge, [DE 205 at 5.] ("Movant has standing to challenge the constitutionality of 18 U.S.C. § 1519 as facially void for vagueness..."), it is perhaps better labeled an as applied challenge because Defendant focuses upon his own knowledge regarding a federal investigation. *See* [DE 205 at 5.] Even when examined as an as applied challenge, Defendant's argument still cannot succeed. As already discussed, Defendant knew that using unreasonable force could lead to a federal investigation and knew what acts constituted unreasonable force. *See supra* p.11; [DE 185 at 53-54.]. Therefore, Defendant cannot claim that he did not contemplate that a federal investigation might occur as a result of his conduct at some point, *Kernell*, 667 F.3d at 755, so he cannot prevail on a claim that § 1519 was vague as applied to him. In sum, Defendant's constitutional challenges to §§ 241, 242, and 1519 are unavailing.

## D.   Additional Ineffective Assistance of Counsel Claims

Defendant asserts several additional grounds for relief based on ineffective assistance of counsel, which are discussed below in turn.

### 1.   Conflicts of Interest

In his twenty-third and twenty-fourth grounds for relief, Defendant asserts that his trial and appellate counsel was ineffective because his attorney, Mr. Stephens, was a close personal friend of Mr. Capillo, a Fayette County Detention Center official against whom Defendant claimed to possess incriminating information. [DE 205 at 6.] Defendant argues that Mr. Stephens failed to use the information as leverage to negotiate a better plea deal for Defendant and failed to withdraw as counsel in the wake of discovering this conflict of interest. [DE 205 at 6.]

24

Defendant begins his objection to the magistrate judge's findings by citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980), for the proposition that the magistrate judge failed to presume prejudice based on an actual conflict of interest. [DE 233 at 20.] *Cuyler* does not support Defendant's position. The Court in *Cuyler* stated, "Unconstitutional multiple representation is never harmless error." 446 U.S. at 349 (1980) (citing *Glasser v. United States*, 315 U.S. 60 (1942). There was no multiple representation in this case, as Mr. Stephens only represented Defendant. Therefore, *Cuyler* is not applicable.

Defendant subsequently contends, "Contrary to the report, it is in fact the government's responsibility to prove the error harmless…." [DE 233 at 21.] This contention is incorrect. The Supreme Court has stated, "Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." *Wong v. Belmontes*, 558 U.S. 15, 27 (2009). Defendant fails to carry that burden in this case. Defendant believed his information could have been used to obtain a sentence more in line with Kristine Lafoe and Scott Tyree. However, as the United States noted, their plea agreements were the product of different factual circumstances. Lafoe never used violence against pre-trial detainees and Tyree "was less culpable than McCoy" and agreed to the same plea deal that Defendant outright rejected. [DE 220 at 23.] Perhaps most fatal to this claim is the fact that Mr. Stephens filed a signed motion stating that Defendant did not tell him about the information against Mr. Capillo until *after* his trial. [DE 220, Exhibit A.] Obviously Mr. Stephens could not have used the information to leverage a plea bargain if he didn't gain knowledge of the information until after Defendant was already found guilty. Furthermore, as the magistrate judge noted, Defendant never detailed in his original motion and still has not detailed the information he claims to possess against Mr. Capillo that would have granted him leverage in plea negotiations. [DE 228 at 31.] Given

25

these facts, this Court cannot find that Defendant has discharged his burden of showing a "reasonable probability" that the outcome of the case would have been different had the information been used by his counsel earlier in the proceedings. Therefore, Defendant's twenty-third and twenty-fourth grounds for relief were properly denied by the magistrate judge.

### 2. Failure to Object to Alleged Prosecutorial Misconduct

Defendant also requests de novo review of his twenty-fifth ground for relief, which asserted that his counsel provided ineffective assistance for failing to object to alleged prosecutorial misconduct, which included the use of leading questions and the word "assault". [DE 205 at 23-24.] In his objections, Defendant alleges only that the magistrate judge "minimiz[ed] the numerous incidences of leading and the prosecutions [sic] use of prejudicial words during that leading." [DE 233 at 24.] Defendant does not provide any further explanation of why he believes the magistrate judge's findings related to any of the sixteen instances asserted in ground twenty-five are incorrect.

This Court finds that the magistrate judge did not "minimize" Defendant's claims. Rather, the magistrate judge undertook a thorough analysis of each of the sixteen instances raised by Defendant. *See* [DE 228 at 31-37.] This Court has carefully reviewed the magistrate judge's analysis of each instance and fully agrees with all of the magistrate judge's conclusions.

Even if the magistrate judge minimized the alleged prosecutorial misconduct, Defendant has failed to demonstrate that his attorney's failure to object to the leading questions or use of the word "assault" constituted ineffective assistance of counsel. Judicial review of counsel's performance is "highly deferential" to the counselor and there is a presumption that the counselor's conduct fell within the range of acceptable assistance. *Strickland*, 466 U.S. at 689. Moreover, failure to object is "generally a matter of trial

26

strategy as to which [this court] will not second guess counsel." *Villanueva v. Stephens*, 555 F. App'x 300, 307 (5th Cir. 2014) (alteration in original). Defendant has failed to demonstrate that any of the sixteen instances constituted deficient performance by his counsel. In addition, Defendant cannot show a reasonable probability that his trial would have been different had his counsel objected. *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(citing *Strickland*, 466 U.S. at 694). Instances one through seven each allege an improper use of leading questions. The first instance did not prejudice Defendant because two other witnesses testified that Defendant slammed Mr. Buchignani's head into a table. [DE 183 at 61 (Chumbley; DE 184 at 146 (Tyree).] Instances two through seven did not actually constitute improper leading questions because the questions at issue did not suggest a single answer or merely used a word that the witness used first. [DE 228 at 33-36.] The eighth through sixteenth instances are all examples of counsel for the Government using the word "assault." No prejudice arose from the use of the word assault because there was ample evidence from which the jury could have easily determined for itself that Defendant's conduct amounted to an assault. [DE 228 at 36.] Even if his counsel had objected to all sixteen of the instances that Defendant now points to, it is not reasonably probable that the outcome of his trial would have been different. Defendant has failed to satisfy his substantial burden. Therefore, Defendant's twenty-fifth basis for relief fails.

### 3. Failure to Undertake a Pre-Trial Investigation of the Case

Defendant's twenty-seventh basis for relief is that his counsel provided ineffective assistance due to alleged failures in his pre-trial investigation. [DE 233 at 22.] Defendant claims his counsel's failure to undertake a thorough pre-trial investigation resulted in his counsel not discovering alleged untruthful statements made by a grand jury witness and not presenting evidence that several Government witnesses had been internally reprimanded by the detention center. [DE 205 at 21.] Defendant further claims that his

counsel failed to call Tony Estep and Lexington-Fayette Urban County Government police officers who were involved in two incidents as witnesses in his defense. [DE 205 at 21.] The magistrate judge found that Defendant failed to substantiate these claims: he did not name the Government witnesses who he claims were internally reprimanded, did not name the grand jury witness who he claims provided false testimony, and did not provide affidavits of the witnesses he believes should have been called in his defense or any other evidence about their proposed testimony. [DE 228 at 37-39.] The magistrate judge concluded that without supporting evidence, the court could not gauge the potential impact this might have had on the impact of the trial. [DE 228 at 37-39.]

Defendant's first objection is that the magistrate judge incorrectly decided the claim "as a failure to call a witness claim alone…." [DE 233 at 22.] This characterization of the magistrate judge's report is patently incorrect. The magistrate judge explicitly considered Defendant's claim that his counsel failed to "properly read and investigate…employee files" and failed to "review the grand jury testimony of government witnesses." [DE 228 at 38-39.]

Next, Defendant states that the magistrate judge improperly expanded the record by citing to *United States v. Estep*. [DE 233 at 23]; *See* [DE 228 at 38] (citing *United States v. Estep*, 5:09-CR-83-KKC). Even if this Court assumes it was an error for the magistrate judge to cite to this hearing, any such error was harmless. Examined in context, it is clear that the magistrate judge's reference to this case was dicta, as the magistrate judge was merely speculating as to why Defendant's counsel did not call Mr. Estep at trial. [DE 228 at 38.] Even without considering the hearing from *United States v. Estep*, this Court still agrees with the magistrate judge that no meaningful assessment of the possible impact of testimony from the individuals Defendant named can be made without affidavits describing their testimony.

28

Finally, Defendant objects to the magistrate judge's reliance on *United States v. Ashimi*, 932 F.2d 643 (7th Cir. 1991), and *Talley v. United States*, No. 1:00-cv-74, 2006 WL 3422997 (E.D. Tenn. Nov. 27, 2006). These cases hold that when a defendant claims his lawyer should have called a witness at trial, the defendant must generally submit affidavits describing the putative testimony. *Ashimi*, 932 F.2d at 650; *Talley*, 2006 WL 3422997, at *10. Defendant claims these cases are inapplicable because they deal primarily with uncalled witnesses, not a failure to investigate. [DE 233 at 23.] However, in this Court's view, the magistrate judge's citation to *Ashimi* and *Talley* was warranted. After all, Defendant is objecting to his counsel's failure to call certain witnesses, even if the claim is styled as a failure to investigate.

The magistrate judge correctly found that a lack of supporting affidavits prevents any meaningful assessment of how testimony from the uncalled witnesses named by Defendant would have impacted the outcome of the trial. *Talley,* 932 F.3d 650 ("A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). While this Court acknowledges the difficulty Defendant would have faced in obtaining affidavits or other supporting evidence as an incarcerated pro se movant, it is nevertheless impossible to determine the extent to which Defendant's trial may have been affected by his counsel's alleged failures without some sort of tangible evidence. This Court cannot merely take Defendant at his word that "the jury very likely could have acquitted" [DE 205 at 21.] had his counsel called certain witnesses. Therefore, Defendant's twenty-seventh basis for relief fails.

### 4. Failure to Move to Sever and "Spillover Evidence"

In Defendant's seventh basis for relief he claims he was unfairly prejudiced by "spillover evidence" from the government's case-in-chief against his co-defendant, Mr.

McQueen. [DE 205 at 3.] It does not appear that Defendant specifically requested de novo review of this basis for relief in his objections to the magistrate judge's recommendation, but because of the arguments Defendant makes regarding his eighth ground for relief and the relatedness of those grounds, the Court will assume he intended to request de novo review of his seventh basis for relief as well. *See* [DE 233 at 23.] In his eighth ground for relief, Defendant claims he received ineffective assistance of counsel when his attorney failed to move to sever his trial from McQueen's trial. [DE 233 at 23.] The magistrate judge found that Defendant failed to show his counsel's performance was deficient because Defendant failed to explain how a motion to sever would have been successful in his case. [DE 228 at 28-29.]

Defendant first argues that the magistrate judge assigned him the "insurmountable hurdle" of proving the jury could not "properly compartmentalize the evidence as it relates to the appropriate defendants." [DE 233 at 23.] Defendant argues that he must instead show "compelling, specific, and actual prejudice" from the failure to sever the trial. [DE 233 at 23.] (citing *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)). While Defendant cites correct case law, he is wrong because the magistrate judge also properly relied on correct Sixth Circuit precedent. In fact, the passage Defendant cites and the language that the magistrate judge relied upon appear alongside one another in *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (Indeed, "[a] request for severance should be denied if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." Causey, 834 F.2d at 1287. Thus, to prevail on his severance argument, [defendant] must show "compelling, specific, and actual prejudice from [the] court's refusal to grant the motion to sever." United States v. Saadey, 393 F.3d 669, 678 (6th Cir.2005)). The rule cited by the magistrate judge and the rule Defendant now champions are in fact two sides of the same coin: a Defendant cannot show "compelling, specific, and actual

prejudice" from a court's refusal to grant severance where "a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." Thus, the magistrate judge did not erroneously apply the law of this Circuit to Defendant's severance claims.

Defendant concludes that his trial should have been severed from McQueen's and that his counsel was deficient for failing to move to sever the trials because the jury viewed a video of McQueen "vicious[ly] handling" a prisoner.[DE 233 at 24.] Defendant notes that this video would not have been independently admissible against him had his trial been severed from McQueen's and concludes he was prejudiced by the showing of this video because the jurors knew of his "working and friendship association with McQueen." [DE 233 at 24.] Defendant argues that the magistrate judge erred by failing to consider the effect of this video. [DE 233 at 24.]

However, Defendant cites no cases in which similar evidence was grounds for severing trials from one another. In trials where co-defendants are tried together, there will almost always be incriminating evidence against individual defendants, yet the Sixth Circuit maintains the general rule that "defendants jointly indicted should be tried together." *Driver*, 535 F.3d at 427. Moreover, "there is a presumption in favor of joint conspiracy trials in the federal courts," *United States v.* Bates, 552 F.3d 472, 478 (6th Cir. 2009), and joint trials are more efficient because "there is almost always common evidence against the joined defendants that allows for the economy of a single trial." *United States v. Kincaide*, 145 F.3d 771, 780 (6th Cir. 2009).   While the video would not have been admissible against Defendant in his own separate trial, that does not mean a motion to sever would have been automatically granted. There is nothing to suggest that a jury would have been unable to properly compartmentalize the video as evidence against Mr. McQueen only, so a motion to sever would have been denied if it had been made during the trial. Put

31

simply, Defendant could not have overcome the presumption favoring a joint trial under these circumstances. Therefore, Defendant's seventh basis for relief fails. Since a motion to sever would have been futile, his counsel's performance was not deficient due to a failure to bring such a motion. *Lyons v. Caruso*, 202 F.3d 269 (6th Cir. 1999). Therefore, Defendant's eighth ground for relief also fails.

## E.   Certificate of Appealability

In order for this Court to issue a Certificate of Appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, a movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant has objected to the magistrate judge's determination that no Certificate of Appealability should issue, claiming the magistrate judge's citations to case law are "not in line with the precedents of this circuit." [DE 233 at 25.]

As discussed herein, this Court has found the magistrate judge's citations to case law to be correct and in accord with the law of this Circuit. This Court finds that Defendant has failed to make the required showing for a Certificate of Appealability in this case. Reasonable jurists could not find this Court's assessment of Defendant's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, Defendant is not entitled to a Certificate of Appealability in this case.

## F.   Evidentiary Hearing

"An evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)(quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)). For the reasons enumerated herein, the Record in this case conclusively shows Defendant is entitled to no relief. Therefore, an evidentiary hearing is not required.

32

### III. Conclusion

Having reviewed the Report and Recommendation along with the objections filed by Defendant and finding no error, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge. Accordingly, IT IS ORDERED as follows:

1. The magistrate judge's Report and Recommendation [DE 228] is ADOPTED as the Court's opinion;

2. Defendant's objections to the magistrate judge's Report and Recommendation [DE 233] are OVERRULED;

3. Defendant's Motion to Vacate [DE 205] is DENIED; and

4. Defendant's Motion for a Status Report or Hearing [DE 235] is DENIED AS MOOT.

Dated March 29, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY